IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **SABRINA KELLIS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WESTMINSTER COMPANY,**<br><br>*Defendant*. | **CASE NO.: 1:18-CV-616** |

COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES** the Plaintiff, Sabrina Kellis ("Kellis"), and complaining of the Defendant, Westminster Company ("Westminster"), alleges the following to be true:

### INTRODUCTION

1  This action arises from Westminster's refusal to accommodate Kellis's disability by allowing her intermittent FMLA and Westminster's termination of Kellis based on her disability.

2  Each paragraph of this complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3**  Kellis is a resident of Alamance County, North Carolina, and is neither a minor nor incompetent.

**4**  Westminster Company is a domestic corporation with a principal office and registered agent in Guilford County, North Carolina.

**5**  This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

> **5.1**  28 U.S.C. § 1331, as the action arises out of 42 U.S.C. § 12101 *et seq.* and 29 U.S.C. § 2601 *et seq.*;

**6**  This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

> **6.1**  Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
> **6.2**  N.C. Gen. Stat. § 1-75.4(c) and (d), as Westminster was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.
>
> **6.3**  N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Kellis's person or property.

**7**  Venue is proper in this Court pursuant to any/all of the following:

7.1     28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

7.2     28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

8     Kellis has suffers from anxiety attacks and depression linked to a heart murmur which substantially limit the major life activities of thinking, talking, working, and even getting out of bed, among others, as well as the functioning of her circulatory and respiratory systems.

9     Kellis began working for Westminster on April 4, 2011, as a Site Property Manager.

10     Kellis's job was to manage a rental community, including sales, filling out vacancy reports, and tending to resident needs.

11     For most of her tenure with Westminster, Kellis was diagnosed with depression and anxiety, but her heart murmur remained undiagnosed.

12     In March 2016, Kellis's doctor suggested that she ask about filling out FMLA paperwork because her condition (at that time still diagnosed as anxiety and depression) often rendered her so physically ill that she could not get up to go to work.

**13**     Kellis spoke to her immediate supervisor, Ron Cagno ("Cagno"), to ask for FMLA.

**14**     Cagno told Kellis that she was not eligible for FMLA because mental health conditions were not covered.

**15**     Kellis contacted Christy Flinchum ("Flinchum") in Human Resources and she confirmed that their company policies said mental health conditions were not covered under FMLA.

**16**     Neither Flinchum nor Cagno seemed able to differentiate between FMLA leave and short-term disability and applied the company's short-term disability policies to Kellis's FMLA request, even though she was not asking for short-term disability.

**17**     Because she was told she was not eligible, Kellis did not file any FMLA paperwork.

**18**     However, Kellis's disability continued to require her to take intermittent absences.

**19**     In July 2016, Cagno told Kellis that he and the other managers had considered writing her up for her absences, but that they decided against it because Kellis was still completing all of her work.

**20**     On August 26, 2016, Kellis saw a cardiologist, who diagnosed her for the first time with a heart murmur. She was told that she had likely had this condition for a long

time and that because the symptoms could be similar, what she had thought were anxiety attacks and depression were likely effects of the murmur.

21  That same day, Kellis informed Cagno that she had a heart murmur.

22  Five days later, on August 31, 2016, Westminster terminated Kellis. Westminster's given reason for Kellis's termination was attendance.

## FIRST CAUSE OF ACTION
### Failure to Accommodate
*The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.*

23  Kellis was a qualified individual with a disability.

24  Westminster had notice of Kellis's disability.

25  With a reasonable accommodation, Kellis could perform the essential functions of her position.

26  Westminster refused to make such accommodations.

27  Westminster has fifteen or more employees.

## SECOND CAUSE OF ACTION
### FMLA Interference
*The Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.*

28  Kellis was eligible for FMLA leave.

  28.1  Kellis had a serious health condition under the FMLA.

29  Westminster was a covered employer with fifty or more employees.

30  Kellis was entitled to leave under the FMLA.

  30.1  Kellis was employed by Westminster for at least 12 months.

30.2     Kellis worked at least 1,250 hours in 12 months.

31     Kellis provided notice of her intent to take leave by requesting FMLA leave.

32     Westminster denied Kellis FMLA benefits to which she was entitled.

**THIRD CAUSE OF ACTION**
**Disability Discrimination – Wrongful Termination**
*The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.*

33     Kellis was a qualified individual with a disability.

34     Kellis was discharged.

35     Kellis was fulfilling her employer's legitimate expectations at the time of discharge.

36     The circumstances of Kellis's discharge raise a reasonable inference of unlawful discrimination.

37     Westminster has fifteen or more employees.

**PRAYER FOR PUNITIVE DAMAGES**

38     As to Kellis's claims under federal law, Westminster is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

39     Malice;

40     An evil motive; and/or

41     Callous indifference to a federally protected right.

42      Officers, directors, and/or managers of Westminster participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

43      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

44      Enter Judgment for Kellis against Fairview Inn on all causes of action contained herein;

45      Award Kellis damages, including punitive damages, in an amount to be determined at trial;

46      Tax the costs of this action against Westminster and award Kellis reasonable attorney's fees as permitted by law; and

47      Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 12th day of July, 2018.*

/S/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2018, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and upon receipt of Summons from the Clerk, will serve all parties to this matter via US Mail, Certified, Return Receipt to:

>Westminster Company
>c/o Leah Lyerly
>3859 Battleground Ave
>Suite 100
>Greensboro, NC 27410
>*Defendant*

>/S/ **WILSON FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com